CONDEMNATION PROCEEDINGS IN RE TAFUNA AIRPORT
Claimants to Plot 3: FONOTI, AIFAI T. FAGAIMA,
and FAGAIMA FAMILY

No. 16-1957

High Court of American Samoa

Civil Jurisdiction, Trial Division

November 20, 1957

———

OPINION AND DETERMINATION OF OWNERSHIP OF PLOT 3
AS SHOWN ON SURVEY DATED 1/7/57 OF TAFUNA AIR-
PORT AND CERTAIN ADJOINING LANDS

Heard at Fagatogo on October 28, 1957 before MORROW,
*Chief Judge*, MALEPEAI, *Associate Judge*, and FAU-
MUINA S., *Temporary Associate Judge*.

Fonoti *pro se.*

Ropati Manuma, counsel for Aifai T. Fagaima.

Punefu Siania, counsel for Fagaima Family.

OPINION OF THE COURT

MORROW, *Chief Judge.*

The Island Government is in the process of reconstruct-
ing the airport at Tafuna on Tutuila. In connection with
such reconstruction the Government has determined that it
needs certain land, both in and adjoining the airport as it
is intended to be reconstructed, for its proper operation.
That the taking of such land is for a public purpose we
have no doubt. The Government caused a survey dated
January 7, 1957 to be made covering such land and then
made an effort to effect an agreement pursuant to Section
992 of the Code for its acquisition by purchase. No agree-
ment being possible on account of conflicting claims as to
the ownership of the various parcels of land involved, the

302

Government then proceeded in accordance with Sec. 933 to acquire the lands in the absence of an agreement. However, on account of conflicting claims as to the ownership of the various parcels of land sought to be acquired, which fact prevented "an amicable settlement of and payment for the property," the Registrar of Titles made his certificate, pursuant to Sec. 993(h), requesting the Court to "determine the ownership of the property in question." On October 24, 1957 the Government invoked the jurisdiction of this Court to make such determination.

There are 11 different parcels designated as Plots 3, 4, 5, 6, 7, 8, 9, 10, A, B, C on the survey. There are a total of 17 claimants. However, the claimants to the ownership of one parcel are usually not identical with the claimants to the ownership of any other parcel. Also some claimants make no claim to the ownership of the land but only to plantations or fixtures on it.

We think that our duty under Sec. 993(h) can be most expeditiously performed by taking evidence with respect to the ownership of each parcel separately. In accordance with this view we took evidence on October 28, 1957 with respect to the ownership of Plot 3 as shown on the survey which was admitted in evidence as Exhibit "A."

Three days prior to the taking of evidence in Court, the Court viewed Plot 3 at Tafuna in the presence of the various claimants. The judges saw the land involved, went around it, walked through it at various places, and observed its boundaries.

Plot 3 is bounded on the north for a distance of 2680 feet by land leased to the Island Government by the Fagaima Family for dairy purposes. It is bounded on the south for a distance of 1130.6 feet by land which was registered in the name of the Fanene on Feb. 23, 1949 in Vol. II, Native Titles, p. 10.

At the outset it should be stated that claimant Aifai T. Fagaima in legal effect filed her claim in behalf of the Fagaima Family, claiming that Plot 3 was the communal family land of that family. The claim filed by Punefu Siania in behalf of the Fagaima Family was to the same effect. Hence, these two claims are in legal effect the same. Fonoti's claim was to the effect that Plot 3 was the communal family land of the Fonoti Family.

Witness Fonoti testified that many years ago the Fonoti Family had had plantations on Plot 3; also a guest house and after the guest house was taken down in 1916 a living house which served as a guest house for the then holder of the Fonoti title. Fonoti is only 38 years old. Obviously if there was a guest house of the Fonoti on the land which was taken down in 1916 (i.e. 41 years ago and 3 years before witness Fonoti was born) witness Fonoti had no actual knowledge of it but was relying upon hearsay. When the Court viewed the property prior to the hearing, Fonoti attempted to point out to the Court the foundations of the living house which he claimed was used as a guest house by the Fonoti after the original guest house was taken down in 1916. It was obvious to the judges upon an inspection of what Fonoti claimed was a foundation was not a foundation at all but an original coral formation. He then claimed that the Navy had removed the old foundation with bulldozers when the original Tafuna airfield was constructed during the war, but such was obviously not the fact because the heavy black lava rocks overlying what he claimed was the foundation, and which was not, would have been removed too, but they were not. A bulldozer had obviously been used to build a highway some distance from where Fonoti claimed the living house used as a guest house was located, but it was quite apparent that a bulldozer had not been used at the place where Fonoti claimed the old foundation was. Fonoti also testified that the Fo-

noti people at some time in the past had had plantations on Plot 3.

Gaulua, 76 years old, a member of the Fanene Family who has lived in the vicinity of Plot 3 all of her life testified that the Fonoti people had never had any plantations or any houses on Plot 3, but that the Fagaima people had. She was a witness who was in a position to know the truth about the occupancy and use of Plot 3 ever since she, as the Samoans say, got "old enough to know things." She has had personal knowledge of Plot 3, its occupancy and use for the last 70 years. There is a pig wall (now in a state of disrepair but which the Court saw when it viewed the property) on Plot 3 which unquestionably was used by the Fagaima people, not by the Fonoti people. Furthermore the Fagaima people have a plantation on the property at the present time. Aifai who is 57 years old and a member of the Fagaima Family corroborated the testimony of witness Gaulua. The testimony of both of these old ladies (and we saw them testify and were impressed by their candor) is, in our opinion entitled to much more weight than the testimony of Fonoti whose testimony was based mostly on his family tradition, which is just hearsay handed down from generation to generation and subject to cumulative error every time it is repeated. Fonoti, who is only 38 years old, had very little first hand knowledge of what he was testifying about. He relied, as we have just said, mostly on family tradition, usually not very reliable. Gaulua and Aifai, whose personal knowledge of Plot 3, its occupation and use, goes back 50 years in the case of Aifai and 70 years in the case of Gaulua, are much more reliable witnesses as to both the initial and continued occupation and use of Plot 3 than is Fonoti.

It is a circumstance not without significance that Fonoti Vili is buried in Fogagogo while Fonoti Auega is buried in Vaitogi. The prevailing Samoan custom is to bury a chief

on land belonging to the title in the village to which his title is attached, not in another village. The Fonoti title is attached to Tafuna.

Seigafo, Fonoti's witness, testified that he had some land bordering on land of Fonoti about two miles from Plot 3. However, that is land at Pavaiai, another village, and not Tafuna and is without significance as far as the ownership of Plot 3 is concerned.

Samoans acquired title to their lands through first occupancy coupled with a claim of ownership. *Soliai v. Lagafua*, No. 5-1949 (H.C. of Am. S.) ; *Faatiliga v. Fano*, No. 80-1948 (H.C. of Am. S.). See 2 Blackstone 8; Maine's Ancient Law (3rd Am. Ed.) 238.

We are of the opinion that the evidence clearly preponderates in favor of the view that the Fagaima people originally occupied Plot 3 long before the war, had plantations, houses, and a pig wall on it and claimed it as the property of the Fagaima title. And that view of the weight of the evidence is fortified by what we saw when we viewed the land in the presence of the claimants prior to the hearing. There is no evidence to indicate that the Fagaima people have lost title to Plot 3 through the operation of the doctrine of adverse possession or through any type of alienation.

### DETERMINATION OF OWNERSHIP

Accordingly, pursuant to Sec. 993(h) of the A. S. Code, the Court determines that Plot 3 as shown on the survey of Tafuna Airport and certain adjoining lands, dated 1/7/57 and marked Exhibit "A" in this proceeding, is the communal family land of the Fagaima Family of Tafuna. Said Plot 3 is more particularly described as follows:

Beginning at a concrete monument, co-ordinates, Y=31,206.53 and X=185,592.14, thence N. 1°14'40" W, 1670.00' to a concrete monument; thence N 88°45'20" E, 3777.16'; thence S 28°35'40" E, 120.64'; thence 68°12'50" W, 1974.50'; thence S 0°10'10" E, 80.25';

thence S 89°55'50" W, 1130.60'; thence S 0°05'10" E, 813.13'; thence S 88°45'20" W, 835.10' to the point of beginning; and containing 74.25 acres more or less. Bearings refer to the True Meridian.

Costs in the sum of $25.00 are hereby assessed against Fonoti, the same to be paid within 45 days.

---

### SUPPLEMENTAL ORDER IN RE COSTS

Filed June 17, 1958

Whereas it appears to the Court upon an examination of the testimony in the above-entitled matter that claimant Fonoti's claim was neither vexatious nor frivolous and further that in litigating his claim claimant Fonoti did not unreasonably prolong the time require [sic] for the hearing:

Now, therefore, pursuant to the directive of the Governor of American Samoa (reference GAS/1A over Serial 755) to the Director of Budget and Finance, dated December 17, 1957, it is ORDERED that the costs amounting to $25.00 originally assessed against claimant Fonoti in the above-entitled proceeding on Nov. 20, 1957 be paid by the Government in lieu of Fonoti.